UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA FAWN CARTER,

    Plaintiff,

vs.    Case No. 06-15285

    Honorable Bernard A. Friedman

FORD MOTOR COMPANY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION TO STRIKE

**I.    Introduction**

Plaintiff's four count Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

Defendant, Ford Motor Company, filed a motion for summary judgment. Plaintiff, La Fawn Carter, filed a response, in which she voluntarily withdrew her Title VII claims, contained within Counts I, II and III of her Complaint. Defendant filed a reply.

One week after the filing of Defendant's reply, and almost three weeks after filing her response, Plaintiff filed her own affidavit, which in her cover letter to the Court, she described as an additional exhibit to her response to Defendant's motion for summary judgment. Defendant filed a motion to strike Plaintiff's affidavit.

**II.    Defendant's Motion to Strike Affidavit**

Defendant argues that Plaintiff's Affidavit should be stricken because it is procedurally

improper, contradicts Plaintiff's previous testimony and contains misleading information[1].

Defendant first argues that Plaintiff's Affidavit is procedurally improper because it is Plaintiff's attempt to file a sur-reply to Defendant's motion for summary judgment without seeking leave of the Court. Paragraph 3 of Plaintiff's Affidavit states "I have read Defendant's Reply Brief in Support of its Motion for Summary Judgment." This statement leads the Court to believe that Plaintiff's Affidavit was written in response to Defendant's reply brief, and does in fact serve as a sur-reply.

The local rules for this Court outlining motion practice specify the briefs that are "required and permitted." L.R. 7.1(c)(1)(A). Sur-replies are not provided for. However, Local Rule 7.1(f) appears to address the situation at hand:

> **(f) Additional Time to File Supporting Documents and Brief.** When it is indicated in a motion, response or written request that the filing of additional affidavits or other documents in support or opposition is necessary, the judge to whom the case is assigned may enter an ex parte order (which must have been prepared by the party making the request) specifying the time within which such additional documents and brief must be filed, or approve any written stipulations in regard thereto. A copy of an ex parte order so entered must immediately be served upon opposing counsel or a party without counsel. Counsel or a party without counsel obtaining such order must also immediately notify opposing counsel or a party without counsel personally or by telephone of the signing of the order. A party against whom an ex parte enlargement of time has been granted may immediately move for a dissolution of the order granting enlargement.

The above procedure was not followed. Accordingly, Plaintiff's Affidavit is stricken from the record, and will not be considered for the purpose of ruling on Defendant's motion for

---

[1] Plaintiff's Affidavit states that her testimony in her deposition was not complete, and that her Affidavit serves to supplement that testimony. Plaintiff alleges in her Affidavit that the supplementation is necessary because at the time of her deposition, she did not have all relevant documents, and it was only during her deposition that she became aware of certain documents, which are the subject of her Affidavit. Defendant, however, attached to its Motion to Strike discovery correspondence from Defendant to Plaintiff in which Defendant produced to Plaintiff the documents in question well before Plaintiff's deposition.

summary judgment.

## III. Summary Judgment Standard

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986).

## IV. Facts

As Plaintiff has voluntarily dismissed her Title VII claims, the following facts are only those that pertain to her FMLA claim. In addition, the following facts do not include those alleged in Plaintiff's affidavit.

On October 15, 2001 Defendant Ford Motor Company hired Plaintiff to work as an assembler in the Ypsilanti, Michigan Plant. While working there, Plaintiff began dating her co-worker, Corey Thrower. Plaintiff and Thrower broke up in December, 2004, but remained friends. In February, 2005, Plaintiff injured her knee while at Thrower's house. Plaintiff required surgery and recovery time, and went on a leave of absence from her job at Ford.

Ford claims that Plaintiff did not return to work at the expiration of her medical leave. Ford sent Plaintiff a 5-day quit notice, which required Plaintiff to either contact the human resources/medial department to extend her leave or to return to work. Ford terminated Plaintiff's

employment on March 18, 2005 after Plaintiff failed to respond to the letter. However, through the grievance process between Ford and Plaintiff's union, Sabrina Griffin from Ford agreed to reinstate Plaintiff.

On April 27, 2005, as a term of her reinstatement, Plaintiff signed a Reinstatement Waiver, which specified that she could be discharged for any misconduct or violation of Ford's rules within the twelve months following her return to work. Plaintiff did not immediately return to work, but rather continued her medical leave. On December 2, 2005, Plaintiff returned to work, and the 12-month Reinstatement Waiver went into effect. With regards to the Reinstatement Waiver, Plaintiff stated during her deposition that "It was my understanding that- that if I did anything to warrant my dismissal from the company, you know, broken policies in some way, shape or form, that I could be terminated." Dft's Exh. C, p. 68. Plaintiff also testified in her deposition that the above-described events of 2005 during which she took FMLA leave, was fired, and was later reinstated are not part of the present Complaint. Dft's Exh. C, pp. 64, 190.

After returning to work, Plaintiff complained to her supervisors about two alleged incidents of sexual harassment by her fellow employees. Ford investigated the incidents, but, based on a lack of witnesses, Ford could not take disciplinary action. However, in response to Plaintiff's complaints, on January 25, 2006, Plaintiff's supervisors, including Sabrina Griffin, held a general meeting with all of the employees on Plaintiff's shift to discuss the plant's rules regarding sexual harassment and horseplay.

Following the meeting, as they were leaving, Plaintiff bumped Griffin. The parties dispute whether Plaintiff's bump was intentional and how hard it was. Plaintiff and Griffin both gave statements about the incident to Shonn Coulburn, the plant's Human Resources Specialist.

Based on his investigation, Plaintiff's demeanor, and witness statements, Coulburn made a recommendation to the Human Resources Manager that Ford terminate Plaintiff.

The next day, Plaintiff did not arrive to work, which under the Reinstatement Waiver, was a reason to terminate her employment with Ford. Instead, Plaintiff called the president of her union, her union representative, a Ford labor relations representative, the Personnel Relations Representative for her plant, Mr. Coulburn and a Union representative. Plaintiff testified at her deposition that she also scheduled a doctor's appointment that day because she was stressed out because she knew she was going to lose her job. Dft's Exh. C, p. 153.

Plaintiff testified in her deposition that after her doctor's appointment, she called the plant's medical department to request medical leave. Dft's Exh. C, p. 156. Ford does not agree that Plaintiff called the medical department, and does not have a record of this call. According to Plaintiff, when she called medical, she was told that there was a note instructing them to refer her to Labor Relations. She states that five minutes later, Mr. Coulburn called her at home and asked her to meet him the next day. Id. At 156-157.

On January 27, 2006 Ford terminated Plaintiff. Ford states that the decision to terminate Plaintiff had been made the day before and, had Plaintiff reported to work the day before, she would have been terminated then.

V.     Analysis

To establish a *prima facie* FMLA interference claim, Plaintiff must prove: (1) she was an eligible employee; (2) Ford was an employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave Ford notice of her intention to take a leave; and (5) Ford denied her FMLA benefits to which she was entitled. Killian v. Yorozu Auto Tenn., Inc., 454 F.3d 549 (6th Cir. 2006).

Plaintiff fails to satisfy her burden of proof at the first step. Plaintiff can not prove that she was an "eligible employee." To be considered an eligible employee under FMLA, an employee must complete 1,250 hours of service during twelve month period immediately preceding the commencement of the leave. 29 U.S.C. § 2611(2)(A); Butler v. Owens-Brockway Plastics Products, 199 F.3d 314, 315 (6th Cir. 1999). Hours of service are those times when an employee is in duty or on the work premises primarily for the benefit of the employer. 29 C.F.R. § 7785.7; Hinson v. Tecumseh Products Co., 234 F.3d 1268 (6th Cir. 2000).

Plaintiff requested medical leave on January 26, 2006. Defendant has provided the affidavit of Carolyn Marks, a Human Resources Associate in the Hourly Personnel Office at the Ypsilanti Plant. According to Marks' affidavit, Plaintiff worked only 276.9 hours for Ford from January 26, 2005 through January 26, 2006. Plaintiff does not refute this evidence in her response brief. Accordingly, there is not a question of fact regarding Plaintiff's attendance in the year preceding her FMLA request.

Plaintiff's inability to establish that she was an eligible employee under the FMLA precludes her FMLA claim.

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.


Dated: December 10, 2007 _____s/Bernard A. Friedman_____
    Detroit, Michigan                BERNARD A. FRIEDMAN
                                      CHIEF UNITED STATES DISTRICT JUDGE